# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

TIMOTHY MALLORY,

    Plaintiff,

v.                                                Civil Action No. 1:11-0894

CAPITAL ONE BANK (USA), N.A.,

    Defendant.

## DEFENDANT CAPITAL ONE BANK (USA), N.A.'S
## NOTICE OF REMOVAL

TO:    THE CLERK OF COURT FOR THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

Pursuant to 28 U.S.C. § 1331, Defendant, Capital One Bank (USA), N.A., by and through and undersigned counsel, files the following Notice of Removal of the above-captioned case from the Circuit Court of Mercer County, West Virginia, wherein it is now pending as Civil Action No. 11-C-532-WS, to the United States District Court for the Southern District of West Virginia, with a full reservation of any and all rights, claims, and defenses of any nature whatsoever, including but not limited to defenses related to service of process, jurisdiction, and venue. In support of this Notice, Defendant Capital One states the following:

## I. REMOVAL IS TIMELY

1. An action was filed on September 21, 2011 in the Circuit Court of Mercer County, West Virginia entitled *Timothy Mallory v. Capital One Bank (USA), N.A.* (the "Circuit Court Action").

2. Defendant Capital One was served with the Complaint on October 12, 2011.[1]

3. This Notice of Removal is being filed within the thirty-day time period, as required by 28 U.S.C. § 1446(b), of Plaintiff's initial pleading setting forth the grounds for their action and their claims for relief.

4. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, other pleadings and orders served upon defendant Capital One in the Circuit Court Action are attached hereto as Exhibit A.

## II. REMOVAL IS PROPER

5. In the Circuit Court Action, Plaintiff claims that Capital One violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), by allegedly calling Plaintiff's cellular telephone using an automated telephone dialing system or an artificial or prerecorded voice after Plaintiff allegedly revoked his permission for Capital One to place telephone calls to Plaintiff's cellular telephone. Plaintiff also claims that Capital One violated West Virginia Code §§ 46A-2-122, *et seq.*, by allegedly contacting him via telephone in violation of West Virginia Code §§ 46A-2-125 and 46A-2-128.

6. The exercise of federal jurisdiction over the TCPA claim is proper. *See Charvet v. EchoStar Satellite, LLC*, 630 F.3d 459, 464 (6th Cir. 2010) ("Statutory permission to litigate a federal claim in state court does not expressly remove a district court's federal-question (or for that matter diversity) jurisdiction.").

7. Pursuant to 28 U.S.C. § 1441(a), venue of the removal action is proper in the United States District Court for the Southern District of West Virginia, because the county from which the Circuit Court Action is being removed lies within this District and Division.

8. Promptly after the filing of this Notice of Removal, Defendant shall provide

---

[1] Plaintiff served a copy of the summons and complaint upon the West Virginia Secretary of State on October 12, 2011.

2

notice of the removal to Plaintiff's counsel in the Circuit Court and to the Clerk of the Court in the Circuit Court Action, as required by 28 U.S.C. § 1446(d).

WHEREFORE, Defendant Capital One prays that the above-described action now pending in the Circuit Court of Mercer County, West Virginia, be removed to this Court.

Respectfully submitted this 14th day of November, 2011.

/s/ Julia Chico Abbitt
Julia Chico Abbitt, (WVSB #5796)
JACKSON KELLY PLLC
PO Box 619
150 Clay Street, Suite 500
Morgantown, WV 26507-0619
(304) 284-4106 – Telephone
(304) 284-4142 – Facsimile

Ryan J. Aaron, (WVSB #9951)
JACKSON KELLY PLLC
PO Box 553
500 Lee Street, East Suite 1600
Charleston, WV 25332
(304) 340-1000– Telephone
(304) 340-1130 – Facsimile

*Attorneys for Capital One Bank (USA), N.A.*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

TIMOTHY MALLORY, :
:
    Plaintiff, :
:
v. : Civil Action No. _____
:
CAPITAL ONE BANK (USA), N.A., :
:
    Defendant. :
:

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a true and correct copy of **DEFENDANT CAPITAL ONE BANK (USA), N.A.'S NOTICE OF REMOVAL** by depositing same in the U.S. Mail, properly addressed with sufficient postage affixed thereto to ensure delivery:

> Paul W. Roop, II
> Roop Law Office, LC
> PO Box 1145
> Beckley, WV 25801
> *Counsel for Plaintiff*

This 14th day of November, 2011.

                      /s/ Julia Chico Abbitt
                      Julia Chico Abbitt, (WVSB #5796)

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E
Charleston, WV 25305



9171 9237 9000 1000 5381 19

RECEIVED
OCT 24 2011
RICHARD D. FAIRBANK



**Natalie E. Tennant**
Secretary of State
Telephone: 304-558-6000
Toll Free: 866-SOS-VOTE
www.wvsos.com

Capital One Bank (USA) N.A.
Richard D. Fairbank, Chairman and C.E.O.
4851 Cox Road
Glen Allen VA 23060-6293

| | | |
|---|---|---|
| ControlNumber: | | 323110 |
| Defendant: | | Capital One Bank (USA) N.A. |
| County: | | 27 |
| | | 10/12/2011 |
| Civil Action: | | 11-C-532-WS |

I am enclosing:

| | | |
|---|---|---|
| ____ summons | ____ affidavit | _1_ summons and complaint |
| ____ notice | ____ answer | ____ summons and verified complaint |
| ____ order | ____ cross-claim | ____ summons and amended complaint |
| ____ petition | ____ counterclaim | ____ 3rd party summons and complaint |
| ____ motion | ____ request | ____ notice of materialmans lien |
| ____ suggestions | ____ notice to redeem | ____ notice of mechanic's lien |
| _1_ interrogatories | _1_ request for production | ____ re-issue summons and complaint |
| ____ discovery | ____ request for admissions | ____ subpoena duces tecum |
| ____ suggestee execution | ____ notice of uim claim | ____ Other |
| ____ subpoena | ____ writ | |
| _1_ stipulation | ____ writ of mandamus | |

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted service of process in your name and on your behalf.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in your name and on behalf as your attorney-in-fact. Please address any questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper, **not to the Secretary of State's office.***

Sincerely,

*Natalie E. Tennant*

Natalie E. Tennant
Secretary of State

RECEIVED
OCT 26 2011
By ___

## SUMMONS

## CIRCUIT COURT OF MERCER COUNTY, WEST VIRGINIA

**TIMOTHY MALLORY,**

    Plaintiff,

vs.                                        Civil Action No: 11-C- 532-WS

**CAPITAL ONE BANK (USA) N.A.**

    Defendant.

**To the above-named Defendant:**    CAPITAL ONE BANK (USA) N.A.
                                                             Richard D. Fairbank, Chairman and C. E. O.
                                                             4851 Cox Road
                                                             Glen Allen, Virginia 23060-6293

IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby summoned and required to serve upon **Paul W. Roop, II, Attorney-at-Law**, plaintiff's attorney, whose address is **P.O. Box 1145, Beckley, West Virginia 25802**, an answer, including any related counterclaim you may have, to the complaint if filed against you in the above styled civil action, a true copy of which is herewith delivered to you. You are required to serve your answer within   30   days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint and you will be thereafter barred from asserting in another action any claim you may have which must be asserted by counterclaim in the above-styled civil action.

Dated: September 21, 2011                               **JULIE BALL**
                                                                  Clerk of Circuit Court

                                                                           BY: _Charlotte Dempsey_
                                                                                 Her Deputy



## IN THE CIRCUIT COURT OF MERCER COUNTY, WEST VIRGINIA

TIMOTHY MALLORY,

    Plaintiff,

vs.

**FILED**
**SEP 21 2011**
JULIE BALL
CLERK CIRCUIT COURT
MERCER COUNTY

Civil Action No: 11-C-532-WS

**CAPITAL ONE BANK (USA) N.A.**

    Defendant.

### COMPLAINT

1. The Plaintiff, Timothy Mallory, is a resident of Mercer County, West Virginia.
2. The Plaintiff, Timothy Mallory, is a person who falls under the protection of the *Telephone Consumer Protection Act, 47 U.S.C. §227* [hereinafter "*TCPA*"].
3. The Defendant, Capital One Bank (USA) N.A. [hereinafter, "Capital One"], is a Delaware corporation with its principal place of business at 4851 Cox Road, Glen Allen, Virginia. The said Defendant is a debt collector as defined by the *West Virginia Consumer Credit and Protection Act* and does business in Raleigh County, West Virginia by extending auto loans to persons residing in said County and State. The said Defendant further transacts debt collection activity in said County and State. The said Defendant may be served by the West Virginia Secretary of State through its registered agent, Richard D. Fairbank, Chairman and C. E. O., at 4851 Cox Road, Glen Allen, Virginia 23060-6293.
4. The calls described below which were placed by the Defendant were placed utilizing an "automatic telephone dialing system" or "artificial or prerecorded voice" as those terms are used in 47 U.S.C. §227.
5. The Defendant maintains records of each call placed to the Plaintiff regarding her account by date, time called, duration of call, the identity of Defendant's employee or representative and notes or codes placed upon such record by the Defendant's employee or representative.
6. The Defendant called Plaintiff repeatedly using an automatic telephone dialing system or an artificial or prerecorded voice beginning, at least, on February 6, 2011 at which time the Plaintiff expressly revoked any permission which Defendant might have had to place any calls to the Plaintiff's cellular telephone.
7. From November 8, 2011 through November 29, 2011, the Defendant knowingly placed not less than twenty nine (29) calls to the Plaintiff's cellular telephone utilizing an automatic telephone dialing system or artificial or prerecorded voice without the express consent of the Plaintiff.

8. In addition to the not less than twenty nine (29) calls placed by Defendant using an automatic telephone dialing system or artificial or prerecorded voice, as described in the preceding paragraph, the Defendant placed other calls to the Plaintiff after the latter date set forth in the preceding paragraph through the date of filing the herein complaint by use of an automatic telephone dialing system or artificial or prerecorded voice.
9. At no time did the Plaintiff expressly authorize the Defendant to make calls to the Plaintiff using an automatic telephone dialing system or artificial or prerecorded voice.
10. Based upon information and belief, the Defendant was aware that the initiation of calls to a cellular phone such as that of the Plaintiff is likely to cause the recipient to incur charges.
11. Based upon information and belief, the Defendant placed calls to the Plaintiff with the intent to annoy, harass and threaten the Plaintiff.
12. As a result of the foregoing actions, the Plaintiff has been annoyed, aggravated, harangued, and otherwise damaged.

## COUNT ONE
### {Strict Liability for Violation of *TCPA*}

13. The Plaintiff incorporates the preceding paragraphs as if set forth fully herein.
14. The Defendant has violated the *TCPA* by placing calls to the Plaintiff on Plaintiff's cellular telephone using an automatic telephone dialing system or artificial or prerecorded voice without the express permission of the Plaintiff.
15. Alternatively, Defendant has violated the *TCPA* by placing calls to the Plaintiff on Plaintiff's cellular telephone using an automatic telephone dialing system or artificial or prerecorded voice after the Plaintiff revoked any permission of the Defendant to place such calls.
16. The foregoing violations of the TCPA were committed willfully or knowingly by the Defendant or its agents.

## COUNT TWO
### {Violation of West Virginia Consumer Credit and Protection Act}

17. The Plaintiff incorporates the preceding paragraphs as if set forth fully herein.
18. The Defendant has engaged in repeated violations of Article 2 of the *West Virginia Consumer Credit and Protection Act* [hereinafter, "WVCCPA"], including but not limited to:
    a. Engaging in unreasonable or oppressive or abusive conduct towards the Plaintiff in connection with the attempt to collect a debt by placing telephone calls to the Plaintiff in violation of *West Virginia Code* §46A-2-125;
    b. Causing the Plaintiff's phone to ring or engaging persons, including the Plaintiff, in telephone conversations repeatedly or continuously or at unusual times or at times known to be inconvenient, with the intent to annoy, abuse or oppress the Plaintiff in violation of *West Virginia Code* §46A-2-125(d);

  c. Using generally unfair or unconscionable means to collect a debt from Plaintiff in violation of *West Virginia Code* §46A-2-128 by placing calls to the Plaintiff on Plaintiff's cellular or residential telephone using an automatic telephone dialing system or artificial or prerecorded voice without the express permission of the Plaintiff or after such permission was revoked in violation of the *TCPA;* and

  d. Violating W.Va. Code §46A-2-125 by using a computer, with the intent to harass or abuse the Plaintiff, to make contact with the Plaintiff after being requested by the Plaintiff to desist in violation of W.Va. Code §61-3C-14a.

## COUNT THREE
### *{Violation of West Virginia Code §61-3C-14a}*

19. The Plaintiff incorporates Paragraphs 1 through 18 as stated above.
20. The Defendant, in violation of *West Virginia Code §61-3C-14a*, made repeated telephone calls to or contacts with Plaintiff by using a computer, with the intent to harass or abuse the Plaintiff, after being requested by the Plaintiff to desist.
21. Pursuant to *West Virginia Code §55-7-9*, any person injured by the violation of a statute may recover from the offender such damages as may be sustained by reason of the violation.
22. The violation of the aforesaid statute caused injury to the Plaintiff, including annoyances, inconvenience, aggravation and emotional distress.
23. The Defendant's violation of the aforesaid statute was intentional and malicious.

  **WHEREFORE**, the Plaintiff demands judgment against the Defendant for actual damages, statutory damages on Counts I and II pursuant to both the TCPA and the WVCCPA, as permitted, and actual damages, and punitive damages on Count III, as well as reasonable attorney's fees, costs and for such other and further relief as this Court may deem appropriate.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

                      TIMOTHY MALLORY
                      By Counsel

_____
Paul W. Roop, II
**ROOP LAW OFFICE, LC**
P.O. Box 1145
Beckley, WV 25801
WV State Bar # 5406
(304) 255-7667



IN THE CIRCUIT COURT OF MERCER COUNTY, WEST VIRGINIA

TIMOTHY MALLORY,

    Plaintiff,

vs.                              Civil Action No: 11-C-532-WS

CAPITAL ONE BANK (USA) N.A.,

    Defendant.

```
FILED
SEP 21 2011
JULIE BALL
CLERK CIRCUIT COURT
MERCER COUNTY
```

## STIPULATION OF PLAINTIFFS AND ATTORNEY FOR PLAINTIFFS

Plaintiff and attorney for Plaintiff agree to be bound by the following stipulation: The Plaintiff shall neither seek nor accept an amount greater than $74,999.00 in this case, including any award of attorney fees but excluding interest and costs.

_____
TIMOTHY MALLORY

_____
PAUL W. ROOP, II (WVSB No. 5406)
ROOP LAW OFFICE, L.C.

STATE OF WEST VIRGINIA
COUNTY OF Raleigh, TO-WIT:

The foregoing instrument was acknowledged before the undersigned authority by Timothy Mallory on this the 31st day of August, 2011.

_____
NOTARY PUBLIC

My Commission Expires: 2/10/15

OFFICIAL SEAL
NOTARY PUBLIC
STATE OF WEST VIRGINIA
MELISSA A. LIGHT
109 E. MAIN STREET
BECKLEY, WV 25801
My commission expires February 10, 2015

```
CASE 11-C-532      MERCER
TIMOTHY MALLORY              vs. CAPTIAL ONE BANK (USA) N.A.


LINE    DATE      ACTION
  1   09/21/11    ****DON'T USE LINE 1----WILL NOT SCAN***********  BY CD    DONT USE
  2   09/21/11    COMPLAINT FILED; SUMMONS ISSUED (ATTY PREP);      BY CD    SUMM/COMP
  3               30 DAYS TO ANSWER; RETURNED TO ATTY TO FORWARD
  4               TO S.O.S. FOR SERVICE;
  5   09/21/11    STIPULATION OF PLAINTIFF & ATTY FOR PLTF;         BY CD    STIP
  6   09/21/11    PLAINTIFF DEMANDS A TRIAL BY JURY;                BY CD    JURY
  7   10/05/11    COS FOR PLTF'S FIRST SET OF INTERR REQUEST FOR
  8               PRODUCTION OF DOCUMENTS & REQUESTS FOR ADMISSION  BY PT    COS
  9               TO DEFT;
 10   10/17/11    SEC OF STATE ACCEPTED SERVICE OBO CAPITAL         BY SB    RETURN
 11               ONE BANK ON 10/12/11;
 12   10/25/11    ? SIGNED FOR CERT MAIL OBO CAPITAL ONE BANK       BY PT    CERT
 13               FROM SEC OF STATE ON 101911;
```